By the Court, Bosworth, Ch. J.
I think it is free from reasonable doubt, that the wall, in the condition it was when it fell, was unsafe ; and that it was negligence to leave it in that condition.
The mason’s foreman, Mulshine, testified that the defendants’ architect (whose directions it may have been his duty to follow,) and one of the defendants, Hutton, directed him to carry up the west wall, so as to be in a condition to secure the roof, and that he did so, because these directions were given. That he informed them it was impracticable to do so, unless the front was also carried up ; and that if a storm should come, it would be blown down.
The mason, Woodruff, testified, that this wall “ was carried up so far above the front wall, ® * by the direction of the owner and his architect,” and that he so carried it up because Mr.Hutton directed it, and on no other ground.
If this interference would make the defendants liable, there should be a new trial. A new trial can not be denied, merely because this evidence was contradicted. The fact that it was contradicted, would make it necessary for the jury to ascertain and declare whether the defendants interfered or not; and whether the wall was built as it was in obedience to their orders.
If the defendant, Hutton, gave the directions testified to, and the wall was carried up as it was in obedience to his directions, and if this was dangerous, and was negligence, I think the defendants are liable. ' If he interfered, and controlled the action of the mason, it was his duty to see that such precautions were taken for the security of the wall, as reasonable prudence would require. If owners of buildings being erected for *436 them by third persons, under a contract for the pupose, wish to be exempt from liability by reason of the negligent conduct of the latter, they must not assume to control or direct the contractors how they shall go on with the work, but leave them to that freedom from control for which the contract provides.
In Gilbert v. Beach, (16 N. Y. Rep. 608,) the court said: “ If it be assumed that the spout was placed in the condition in which it was found at the time of the coming on of the storm,, by the direction of the defendant, there could be no question in relation to his liability. The contrary clearly could not be assumed, for the witness, Young, testified that he ordered him to do it, and he did it.” (See S. C. 4 Duer, 423.)
The facts appearing on the second trial of that action, are stated in 5 Bosw. 445. The carpenters were to construct a gutter to receive the water falling on the roof, and a leader running down to the basement, where it was to be connected with a main pipe leading to the sewer. The leader was left, of a Saturday night, unfinished, reaching to within twelve or fifteen feet of the ground. There was a heavy rain at night, and the plaintiff’s cellar was flooded. There was evidence on the one hand, tending to show that the defendant was himself to furnish the main water pipe in the basement; and on the other, that one McKenzie, .the plumber, had contracted to furnish and introduce it, and that he had improperly delayed doing so. (Id. 447.) The judge ordered the jury to find for the defendants, which they accordingly did.
. The decision of the Court of Appeals, reversing the judgment of this court, was placed on the special ground stated in the opinion of Mr. Justice Clerks. (5 Bosw. 455, 456.) I understand the point decided is, that if an owner modifies in any respect his contract with those contracting to erect a building, so that in doing any particular act, they are obeying 'the directions of the owner, if that act is dangerous and negligent, and damage ensues, the owner is liable. In such a case it is- his duty to see that what is done under his special orders, *437 is not negligently done ; and that if it is negligently done, and third persons are damaged in consequence thereof,"the owner is liable.
I think, therefore, that the propositions decided in Gilbert v. Beach, applied to this case, required the submission to the jury of the question whether the wall was carried up as it was in ■ consequence of, and in obedience to orders given by the defendant, and if the jury shall find that it was, and that this was a negligent act, and that in consequence thereof the plaintiff was injured, then the defendants are liable.
The judgment should be reversed, and a new trial granted, with costs to abide the event.